**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM SURKIS**<br>213 Dickinson Avenue<br>Swarthmore, PA 19081<br><br>Plaintiff,<br><br>v.<br><br>**BIRCHWOOD LABORATORIES, LLC.**<br>7900 Fuller Road<br>Eden Prairie, MN 55344<br>and<br>**AMAZON.COM, INC.**<br>410 Terry Avenue North<br>Seattle, WA 98109<br>and<br>**AMAZON.COM SERVICES, LLC**<br>410 Terry Avenue North<br>Seattle, WA 98109<br>and<br>**AMAZON FULLFILLMENT SERVICES, INC.**<br>410 Terry Avenue North<br>Seattle, WA 98109<br>and<br>**AMAZON WEB SERVICES, INC.**<br>410 Terry Avenue North<br>Seattle, WA 98109<br>Defendants. | : | Civil Action<br><br><br><br><br>Case No. |

**<u>COMPLAINT</u>**

**PARTIES**

1. Plaintiff, William Surkis, is an adult individual domiciled in the Commonwealth of Pennsylvania, residing at 213 Dickinson Ave, Swarthmore, PA 19081.

2. Defendant, Birchwood Laboratories, LLC, is a limited liability company organized under the laws of Minnesota, with its principal place of business at 7900 Fuller Rd., Eden Prairie, MN 55344.

3. Defendants, Amazon.com, Inc., Amazon.com Services, LLC, Amazon Fulfillment Services, Inc. and Amazon Web Services, Inc. (collectively "Amazon" and/or "the Amazon Defendants") are corporations, limited liability companies or other business entities organized under the laws of Delaware, with their principal place of business at 410 Terry Avenue North, Seattle, WA 98109.

4. At all relevant times, Defendants designed, manufactured, assembled, tested, inspected, marketed, labeled, distributed, supplied and/or sold the LiquiCell Shear Points that are the subject of this action.

**JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff and all Defendants are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendants because they marketed, distributed, supplied and/or sold the LiquiCell Shear Points in the Eastern District of Pennsylvania.

7. Venue is proper in this District because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District, including the marketing, sale and delivery of the LiquiCell Shear Points, as well as the use of the same by Plaintiff and resulting injury.

**COURT-ANNEXED ARBITRATION DESIGNATION AND DAMAGES LIMITATION**

8. Plaintiff brings this civil action for consideration under the Court's court-annexed arbitration procedures, including Local Civil Rule 53.2, if applicable.

9. Plaintiff alleges that the amount in controversy does not exceed $150,000, exclusive of interest and costs.

10. Plaintiff irrevocably limits and agrees not to seek, recover, or accept aggregate damages exceeding $150,000, exclusive of interest and costs, whether by arbitration award, judgment, settlement, trial de novo, or otherwise.

11. For purposes of court-annexed arbitration eligibility, the damages limitation in Paragraph 10 applies collectively to all damages sought by Plaintiff against all Defendants arising from the claims asserted in this action.

12. Plaintiff will designate this action for arbitration, if applicable, on the Civil Cover Sheet submitted with this Complaint.

13. This action does not arise from, and Plaintiff does not allege the existence of, any private arbitration agreement or arbitration provision between Plaintiff and any Defendant.

14. Plaintiff does not seek to compel private arbitration under any agreement with any Defendant.

**FACTS**

15. On or about October 12, 2024, Plaintiff received the LiquiCell Shear Points via home delivery from Amazon, after placing an order and paying via Amazon's website.

16. Plaintiff acquired the LiquiCell Shear Points for their intended and reasonably foreseeable use, namely for use with his CPAP mask.

17. Defendants represented the product was suitable and safe for use with a CPAP mask.

18. On or about October 20, 2024, Plaintiff used the LiquiCell Shear Points in an intended and reasonably foreseeable use with his CPAP mask.

19. Within 48 hours of using the LiquiCell Shear Points, Plaintiff developed a raised rash and blistering on his nose at the location where the LiquiCell Shear Points were placed.

20. As part of their marketing and sale of the LiquiCell Shear Points, Defendants described them as appropriate for being “applied to the bridge of the nose”, “Excellent for use with CPAP masks”, “being equipped with a “Gentle skin-sensitive adhesive” and that they “act as an artificial blister over your skin to prevent real blisters from forming”, as shown in this screenshot from Amazon’s website:




21. Despite these assertions and Plaintiff’s use of the LiquiCell Shear Points on the bridge of his nose and with his CPAP mask, the product caused a rash, blistering and permanent scarring.

22. The LiquiCell Shear Points were defective because of one or more of the following conditions:

a. A defect in their design;

b. A defect in their manufacture, assembly, materials and/or adhesives;

c. Inadequate warnings or instructions concerning foreseeable risks and/or;

d. Material misrepresentations concerning the effectiveness and safety of the product for its intended and advertised use.

23. The defective condition of the LiquiCell Shear Points existed when the product lefts Defendants' possession or control.

24. Plaintiff used the LiquiCell Shear Points as intended and instructed, and at no time did he alter, misuse or materially modify the product in a manner that caused or contributed to his injury.

25. No private arbitration agreement or arbitration provision governed Plaintiff's purchase, possession, use, warranty or other relationship concerning this product.

26. Plaintiff does not seek to compel private arbitration under any agreement with any Defendant.

27. This action is filed as a civil action in this Court and may be administered under the Court's applicable court-annexed arbitration procedures, if this action is assigned to that track.

**COUNT I — STRICT PRODUCT LIABILITY**

28. Plaintiff incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

29. Defendants were engaged in the business of designing, manufacturing, assembling, testing, inspecting, marketing, distributing, supplying, and/or selling the LiquiCell Shear Points.

30. The product was defective when it left Defendant's possession or control.

31. The product's defective condition made the product unsafe for its intended and reasonably foreseeable uses.

32. Plaintiff used the product in an intended or reasonably foreseeable manner.

33. The product's defective condition was a factual and legal cause of Plaintiff's injuries, losses, and damages.

**COUNT II — NEGLIGENCE**

34. Plaintiff incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

35. Defendants owed Plaintiff a duty to exercise reasonable care in the design, manufacture, assembly, testing, inspection, labeling, marketing, distribution, sale, warning, and recall of the product.

36. Defendants breached that duty by designing, manufacturing, assembling, testing, inspecting, labeling, marketing, distributing, and selling a product that caused the precise harm that it was intended and marketed to prevent and by failing to warn Plaintiff of the potential harm or recalling the LiquiCell Shear Points when Defendants knew, or reasonably should have known, that they were defective.

37. Defendants knew or should have known that the product created an unreasonable risk of harm when used as intended or in a reasonably foreseeable manner.

38. Defendants' negligence was a factual and legal cause of Plaintiff's injuries, losses, and damages.

**COUNT III — BREACH OF EXPRESS WARRANTY**

39. Plaintiff incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

40. Defendant made express warranties, affirmations of fact, promises, descriptions, and/or representations concerning the product, including the following:

a. Self-adhesive Shear Points can be applied to the bridge of the nose, orbits of the eyes, ears, back of the heel or any other area at risk of skin breakdown die to the presence of shear and friction;

b. Excellent for use with CPAP mask, Oxygen masks, tubing, glasses (eye/safety), podiatry (heel/toes), sports, braces, casts, or any other article that contacts the skin;

c. Gentle skin-sensitive adhesive keeps LiquiCell Shear Points securely in place; and

d. Liquicell Shear Points act as an artificial blister over your skin to prevent real blisters from forming.

41. Defendants' express warranties formed part of the basis of Plaintiff's decision to purchase, acquire, retain, or use the product.

42. The product failed to conform to Defendants' express warranties because it was used as intended and directed and resulted in the precise harm, the formation of a blister, that it was warranted to prevent. .

43. Defendants' breach of express warranty was a factual and legal cause of Plaintiff's injuries, losses, and damages.

**COUNT IV — BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

44. Plaintiff incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

45. Defendants were merchants with respect to the LiquiCell Shear Points.

46. At the time Defendants sold, distributed, or otherwise supplied the product, the product was not fit for the ordinary purposes for which products of that kind are used.

47. The product was not merchantable because it caused the precise harm that it was intended to prevent.

48. The product's lack of merchantability was a factual and legal cause of Plaintiff's injuries, losses, and damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants and award:

A. Compensatory damages in an amount to be determined at arbitration or trial;
B. Damages for past and future medical expenses, , pain and suffering, mental anguish, embarrassment, loss of lives pleasures and other legally recoverable losses;
C. Prejudgment and post-judgment interest as permitted by law;
D. Costs of suit; and
E. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable in the event that a timely and permitted demand for tial de novo is made following court-annexed arbitration. This demand

preserves Plaintiff's jury-trial rights and does not waive, limit or preclude referral of this matter to court-annexed arbitration.

.

Respectfully submitted,

INJURY LAW PARTNERS

/s/ *Matthew W. White*
David J. Langsam, Esquire (ID No. 308764)
Matthew W. White Esquire (ID No. 321712)
1628 JFK Boulevard, Suite 1302
Philadelphia, PA 19103
dlangsam@injurylawpartners.com
mwhite@injurylawpartners.com
(215) 402-5900
Attorneys for Plaintiff

Date: October 9, 2026